# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LUISITO PINEDA, | ) | Case No.: 2:10-cv-01958-RLH-PAL |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | (Motion to Dismiss–#6) |
| | ) | |
| BANK OF AMERICA HOME LOANS; RECONTRUST COMPANY; BANK OF NEW YORK MELLON; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants BAC Home Loans Servicing, LP, improperly named as Bank of America Home Loans ("BAC"), Bank of New York Mellon, Mortgage Electronic Registration Systems, Inc. ("MERS"), and ReconTrust Company, N.A.'s **Motion to Dismiss** (#6, filed Nov. 22, 2010), for failure to state a claim. The Court has also considered Plaintiff Luisito Pineda's Opposition (#12, filed Jan. 14, 2011), and Defendants' Reply (#17, filed Feb. 24, 2011).

**BACKGROUND**

On December 26, 2006, Pineda entered into a loan agreement with Countrywide Home Loans, Inc., to borrow $328,500 and secured the loan with a deed of trust. The deed of trust lists MERS as the nominee/beneficiary. Countrywide allegedly sold the note to be securitized.

///

AO 72
(Rev. 8/82)

1  Pineda stopped making his mortgage payments and has failed to cure this default. Accordingly,
2  Defendants recorded a notice of trustee's sale but then they postponed the sale.
3  Pineda eventually filed suit in Nevada state court and Defendants removed the case
4  to this Court. Pineda asserts the following four claims: (1) wrongful foreclosure, (2) civil
5  conspiracy, (3) quiet title, and (4) injunctive relief. Upon removal of the case to this Court,
6  Defendants filed this motion to dismiss. For the reasons discussed below, the Court grants
7  Defendants' motion.

## DISCUSSION

### I.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw

a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**II.     Analysis**

    **A.     Wrongful Foreclosure**

To succeed on a claim for wrongful foreclosure, the plaintiff must show that (1) defendant exercised a power of sale or foreclosed on plaintiff's property and (2) at the time defendant exercised a power of sale, there was no breach of a condition or failure of performance existing on the plaintiff's part that would have authorized the foreclosure or exercise of power of sale. *Collins v. Union Fed. Sav. and Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Pineda fails to state a claim for wrongful foreclosure because he defaulted on his loan. Furthermore, Pineda does not allege that he has cured his default. Pineda, therefore, has not pled facts sufficient to satisfy the second element of wrongful foreclosure. Accordingly, the Court dismisses this claim.

    **B.     Civil Conspiracy**

To succeed on a claim for civil conspiracy, the plaintiff must show that (1) defendants acted in concert with the intent to accomplish an unlawful objective for the purpose of harming the plaintiff and (2) plaintiff sustained damage as a result of defendants' conduct. *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1999). Pineda's civil conspiracy claim fails because it does not meet Rule 9(b)'s specificity requirement for fraud-based allegations. Pineda merely alleges that Defendants "reached an understanding and engaged in a sequence of events . . . to commence a wrongful foreclosure" of Pineda's home. These allegations are insufficient to state a claim for civil conspiracy. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047–48 (9th Cir. 2008); *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003). Therefore, the Court dismisses this claim.

3

### C.     Quiet Title

In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS § 40.010.  In a quiet title claim the burden of proof rests with the plaintiff to prove good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  Finally, a defaulting plaintiff cannot quiet title in his property without first curing the default and discharging his debt.  *Aguilar v. Bocci*, 114 Cal. Rptr. 91, 92 (Cal. Ct. App. 1974).

Pineda seeks to quiet title to his home because Defendants "sold [his] Promissory Note to be securitized" and, as such, they do not have a "clear or definable interest in the title to the subject property." (Compl. ¶¶ 71, 75).  However, as previously discussed, Pineda has defaulted on his loan and has not cured that default.  Furthermore, Pineda has not claimed that he is ready and willing to discharge the underlying debt.  Accordingly, Pineda fails to state a claim to quiet title.

### D.     Injunctive Relief

Injunctive relief is not a separate cause of action but a claim for relief. *In re Wal-Mart Wage & Hour Employment Practices Litigation*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Therefore, because the Court has found that Pineda's other claims fail, his claim for injunctive relief also fails.  Accordingly, the Court dismisses Pineda's claim for injunctive relief.

///
///
///
///
///
///
///

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#6) is GRANTED. The Clerk of Court is instructed to close the case.

Dated: May 20, 2011

_____
**ROGER L. HUNT
Chief United States District Judge**